FILED



OCT 2 5 2006
OCT 25, 2006
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

TED BELL, )
WILLIAM BERRY, )
DORIAN CARTWRIGHT )
RAFAEL ROJAS III )
YAODI HU )

 )  06CV5809
Plaintiffs, )  JUDGE LEINENWEBER
 )  MAG. JUDGE MASON
vs. )
 )
DEAN MARTINEZ, Secretary of the )
Illinois Department of Financial and )
Professional Regulation, in his official )
capacity, )
 )
Defendants. )
 )

## COMPLAINT

### Preliminary Statement

1.      This is a civil rights action pursuant to 42 U.S.C. § 1983, seeking an order

that would enjoin the State of Illinois from enforcing Article 3 of the Residential Real

Property Disclosure Act, The Illinois Predatory Lending Database Pilot Program (765

ILCS 77/70 et seq.).  The statute is both discriminatory on its face and its enforcement

has a discriminatory effect on the residents of the ten zip codes designated under the law,

and business entities in the mortgage lending market.

2.      Plaintiffs assert that enforcing The Illinois Predatory Lending Database

Pilot Program constitutes a denial of due process and equal protection of the laws

guaranteed by the Fourteenth Amendment to the United States Constitution.  The statute

unfairly and unequally applies only to residents applying for a loan to purchase property

1

in one of the ten zip codes designated by the Illinois Department of Financial and Professional Regulation. The statute applies unequally to state charted businesses in the mortgage lending market and does not apply to federally chartered loan originators. Plaintiffs further charge that that statute disproportionately impacts African-Americans and Hispanic-Americans that make up the majority of residents in these ten zip codes. Plaintiffs seek declaratory and injunctive relief to insure that all residents of Illinois are afforded equal treatment and fundamental fairness.

3. Plaintiffs further allege that the entry of personal information into the Predatory Lending Database constitutes an unreasonable search and seizure without probable cause and violates the Fourth Amendment to the United States Constitution. The statute authorizes the Department of Financial and Professional Regulation to provide borrower information entered into the Predatory Lending Database to law enforcement agency or administrative agency if the information demonstrates criminal, fraudulent, or otherwise illegal activity, without probable cause or a warrant.

**Jurisdiction**

4. Plaintiff invoke the jurisdiction of this Court under 28 U.S.C. §§ 1331, 1343(a)(3), and 1343(a)(4).

**Venue**

5. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events giving rise to the claim arose in this district.

**Parties**

6. Plaintiff Ted Bell is an Illinois citizen and a resident of the City of Chicago, Illinois. Plaintiff Bell resides in 60629, a zip code affected by the statute.

2

7.     Plaintiff William Berry is an Illinois citizen and a resident of the City of Chicago, Illinois. Plaintiff Berry owns and sells investment properties in several of the zip codes affected by the statute.

8.     Plaintiff Dorian Cartwright is a California citizen and a resident of the City of San Jose, California. Plaintiff Cartwright is a real estate broker for Conklin Realty, LLC that specializes in selling investment properties, and a licensed attorney and a member of the State Bar of California. Plaintiff Cartwright currently sells properties throughout the ten zip codes affected by the statute.

9.     Plaintiff Yaodi Hu is an Illinois citizen and a resident of the City of Chicago, Illinois. Plaintiff Hu owns properties in two of the ten zip codes affected by the statute, which are currently on the market for sale.

10.     Plaintiff Rafael Rojas III is an Illinois citizen and a resident of the City of Chicago, Illinois. Plaintiff Rojas is the CEO and sole shareholder of Mercury Financial Services, an Illinois licensed mortgage broker. Plaintiff Rojas receives borrowers from the ten zip codes affected by the statute.

11.     Defendant Dean Martinez is the Secretary of the Illinois Department of Financial and Professional Regulation. The Illinois Predatory Lending Database Pilot Program authorized Defendant Martinez to establish the pilot program, and its inception date. The Illinois Department of Financial and Professional Regulation maintain and administer the database created under the statute. Defendant Martinez is sued in his official capacity.

**Statement of Facts**

12.     Due to alleged predatory lending the Illinois General Assembly passed House Bill 4050.  House Bill 4050 became Public Act 94-280 (hereinafter the "Act"), effective January 1, 2006.  The Act amended The Residential Real Property Disclosure Act (765 ILCS 77/1 et seq.) by adding Article 3, entitled Predatory Lending Database (765 ILCS 77/70 et seq.).  The Act allowed the State of Illinois to develop a four year pilot program designed to protect homebuyers from possible foreclosures and increase their knowledge of financial practices.

13.     The Act created the Predatory Lending Database Pilot Program (hereinafter the "Predatory Lending Database").  The Act requires loan brokers and loan originators to enter loan application information within ten days after taking a mortgage application to the Predatory Lending Database if the mortgage loan is located in the designated area of Cook County (765 ILCS 77/70(c)).  According to section 72 of the Act, the loan originator is required to enter the following information into the Predatory Lending Database:  borrower's name, address, social security number or taxpayer identification number, date of birth, income, and expense information contained in the mortgage application.  The Act does not apply to all mortgage loan applications in the State of Illinois.  The Act authorized the Illinois Department of Financial and Professional Regulation (hereinafter the "Department") to designate certain zip codes in Cook County to implement the Predatory Lending Database.

14.     The implementation of the Predatory Lending Database by the Department officially took effect on September 1, 2006.  The pilot area covers the following ten zip codes in Cook County:  60620, 60621, 60623, 60628, 60629, 60632, 60636, 60638,

4

60643, and 60652. Borrowers applying for a loan to purchase a home in any of these ten zip codes are subject to the requirements of the Act.

15.     The Predatory Lending Database aims to protect consumers from overly risky, inappropriate loans. Once the loan application is submitted to the Predatory Lending Database the Department will issue a determination whether mandatory credit counseling is recommended for the particular borrower or borrowers within seven days after receipt of information. A borrower cannot waive the credit counseling. Pursuant to the requirements of Section 70 of the Act, the Department will compare the information submitted to the Database to standards established under Department administrative rule 346.20 related to the credit counseling. Under the Act, any costs associated with the required credit counseling must be paid by the mortgage broker or loan originator. The mortgage broker or loan originator pays three hundred dollars every time the Department recommends a borrower receive credit counseling, and the mortgage broker or loan originator cannot recoup this cost from the borrower.

16.     Whenever the Department recommends mandatory credit counseling, the borrower or borrowers must complete an interview with a credit counselor affiliated with an agency that has been certified by the United States Department of Housing and Urban Development. Following this interview, the credit counselor must submit additional information to the Database. If at any time after submitting the information into the Predatory Lending Database the loan originator or loan broker changes the terms of the loan or issues a new commitment to the borrower, the loan originator or loan broker must resubmit all of the information required under Section 72 of the Act, and Department administrative rule 346.15 into the Predatory Lending Database. The Department shall

compare that information to the credit counseling standards and shall determine if the borrower must attend another credit counseling session. If the residential loan proceeds to closing, additional information must be submitted to the Predatory Lending Database by either a title insurance company or a closing agent.

17.     Under Section 70 (h)(iii) of the Act, the Department may give the information entered into the Predatory Lending Database without the consent of the borrower to the appropriate law enforcement agency or the applicable administrative agency if the database information demonstrates criminal, fraudulent, or otherwise illegal activity. Borrowers applying for a loan in one of the ten zip codes designated by the Department are required to submit their personal information, and information about their loan into the Predatory Lending Database. Borrowers are required to submit more information to the credit counselor at the mandatory credit counseling session. The Act allows the Department to search through any borrower's financial information for criminal or fraudulent activity without consent or probable cause.

18.     Because of the requirements of the Act, many lenders have suspended business in the ten zip codes designated by the Department. On August 30, 2006, two days before the Act went into effect, the Chicago Association of Realtors released the following list of lenders that suspended lending in the area: ZDE Corporation – Black Bear Realty Inc., New Century Mortgage Corporation, Centric Mortgage, WMC Mortgage – GE Money Company, Option One Mortgage, H&R Block Mortgage, The Mortgage Store, and ResMae Mortgage Corporation. Since then other lenders have stopped lending in the area. The reasons for this are varied. Many lenders did not want to face allegations of redlining in Cook County. Other lenders are worried that any

6

mistakes in the compliance of the Act will cause it to lose its lien on the property,
meaning it will lose its right to foreclose if the borrower defaults on the loan.

19.     The Act applies to state-charted loan originators. Federally charted banks
are exempt from complying with the Act, and its loan originators do not have to enter a
borrower's information into the Predatory Lending Database.

20.     Borrowers that could not close their loan before September 1, 2006, the
date the Act went into effect, lost their loans because the lenders were unwilling to face
the risks involved with lending in the zip codes under the Predatory Lending Database.
Borrowers that were near closing on September 1, 2006 had to start the process of getting
a loan from the beginning.

21.     The Act affects residents of the ten zip codes with lower incomes.
Residents with low income and low credit scores cannot get a loan from a bank, and need
to go to a mortgage broker in order to get a loan. Mortgage brokers are required under
the Act to submit the potential borrower's information into the Predatory Lending
Database. Since many lenders suspended business in the ten zip codes, it difficult for
borrowers in this area to find a loan.

22.     Residents trying to sell properties in the ten zip codes designated by the
Department are having a difficult time finding buyers. Property sales have slowed down
in these ten zip codes since the Act was implemented. Potential buyers concerned by the
Act's requirements of submitting personal information into the Predatory Lending
Database, the possibility of mandatory credit counseling, and the search of their financial
records for illegal activity without consent or probable cause are looking to purchase
homes in other neighborhoods.

23.     Residents in the ten zip codes are not able to refinance loans because of the requirements of the Act, and because many lenders have suspended business in these areas.

### Claim for Relief:
### Violation of Equal Protection and Due Process

24.     The affect of the Act is a state sanctioning of redlining in the ten zip codes affected by the Predatory Lending Database.  Redlining is the unethical practice whereby financial institutions either flat out deny or make it extremely difficult for residents of poor inner-city neighborhoods to borrow money, gain approval for a mortgage, take out insurance or gain access to other financial services because of high default rates. Redlining is illegal because it discriminates against residents of an area on the basis of where they live.  If the area is completely cut off from mortgage financing, property values will plummet and neighborhood conditions will rapidly deteriorate.  The federal Community Reinvestment Act was passed in 1977 to put an end to all redlining practices when the criteria are based on race, religion, gender, familial status, disability, or ethnic origin.

25.     The Act applies to only to borrowers in the ten zip codes.  The credit counseling requirement does not apply to every borrower in the State of Illinois.  The Act's requirements are a violation of equal protection of the laws guaranteed by the Fourteenth Amendment to the United States Constitution because the Act treats a class of persons differently than others.  Most residents in these ten zip codes are African-American, or Hispanic-American.

26.     The Act is a violation of due process of the law guaranteed by the Fourteenth Amendment to the United States Constitution and a violation the plaintiff's

right to privacy. Mortgage brokers are required by the new law to enter the potential borrower's information into the Predatory Lending Database. According to section 72 of the Act, the loan originator is required to enter the following information into the Predatory Lending Database: borrower's name, address, social security number or taxpayer identification number, date of birth and income and expense information contained in the mortgage application.

27.     The Act does not apply evenly to federally chartered banks and mortgage brokers. Federally chartered banks with its own in-house mortgage broker are exempt under the Act. This limits the options a borrower has in attaining a loan for the purchase of a house in the ten zip codes. The affect of less competition in the home lending market is higher interest rates for the borrower.

### Second Claim for Relief:
### Violation of Fourth Amendment

28.     The Act authorizes unreasonable searches and seizures. The Act allows the Department to search through any borrower's financial information for criminal or fraudulent activity without consent or probable cause, and without a warrant.

### Prayer for Relief

WHEREFORE, plaintiff requests the following relief:

(A)     entry of a declaratory judgment that the Act violates the Plaintiffs' rights to due process and to the equal protection of the laws guaranteed by the Fourteenth Amendment to the United States Constitution;

(B)     entry of a declaratory judgment that the Act violates the Plaintiffs' rights against unreasonable searches and seizures guaranteed by the Fourth Amendment to the United States Constitution;

9

(C)     entry of a preliminary injunction and following a trial on the merits, a

permanent injunction, enjoining the Defendant from enforcing the Act.

Respectfully submitted,

John Knopic

Attorney for Plaintiffs
215 West Cermak, 2nd Floor
Chicago, Illinois 60616